## DUNLOP v. RICHARDS.

A person cannot be agent for both purchaser and seller, and earn a compensation from each, unless by distinct arrangement between all who are concerned. (See *Watkins* v. *Cousall*, 1 E. D. Smith's C. P. R. 65.)

The duties imposed by an employment to sell for the best price are inconsistent with those created by an undertaking to buy upon the best terms; and if one who is employed as agent or broker to make a purchase, accepts from the owner, without the employer's knowledge, an agency and a commission for selling, he cannot afterwards claim compensation from the buyer.

*Hence,* in an action upon an alleged agreement, whereby A. was to effect the purchase of lots, and the proceeds of a re-sale thereof were to be divided equally between A. and the defendant, the object of the action being to recover for the plaintiff, as assignee of A., half of such proceeds, collected by and in the hands of the defendant; *held,* (the making of the agreement having been put in issue,) that it was competent for the defendant to prove that what A. did in the matter of the purchase was under an employment, by the owner of the lots, to sell them for a commission.

Where two persons agree to share the profits of a contemplated purchase, one of them may not receive, for his separate private use, a commission from the seller. So to take and apply it, would be a fraud upon his associate.

Under such an agreement, whatever commission is allowed by the seller, must be charged to the party who receives it, as part of his share of the profits.

THIS was an appeal, by the defendant, from a judgment rendered against him in one of the lower courts. The questions determined and the essential facts appear in the opinion.

BY THE COURT. WOODRUFF, J.—This action is brought to recover one half of the profits realized by the defendant on the purchase and sale of a lot of ground, upon an allegation by the plaintiff, that the defendant agreed that one O'Brien

(assignor of the plaintiff) should receive one half the profits, as compensation for his services in making the purchase, &c., for the defendant.

The proof of such an agreement is very slight, but the court below having found that such agreement was made, we cannot disturb that finding. It is not against evidence; and though the evidence is slight, it cannot be deemed a finding of fact *without* evidence to support it.

But the court below excluded evidence which seems to us to have been not only relevant but to have had an important bearing upon the main question between the parties.

If the agreement relied upon was made, the purchase of the lot, by the defendant, was, in respect to the ultimate distribution of the proceeds of sale, for the joint benefit, and the purchase, therefore, for the joint account. And if the assignor of the plaintff acted in the matter at all, under the alleged agreement, he was acting for the joint interest of himself and the defendant.

Now the defendant denies this altogether; and to overcome the slight evidence tending to show that the defendant offered O'Brien half the profits, and that O'Brien, in pursuance of such offer, set on foot the negotiation, he offers to prove that what O'Brien did was under an employment, by the owner of the lots, to sell them for a commission. Surely such evidence would throw some light upon the capacity in which O'Brien acted. He could not be agent for both purchaser and seller, and earn a compensation from each, unless that was itself a matter of distinct arrangement between all who were concerned. (See *Watkins* v. *Cousall*, 1 E. D. Smith's C. P. R. 65.)

The duties which an employment to sell for the best price imposes, are inconsistent with those which are created by an undertaking to buy upon the best terms; and I have little hesitation in saying, that if one who is employed as agent or broker to make a purchase, secretly, without the knowledge of the employer, accepts an agency from the owner and a commission from him for selling, he thereby forfeits all claim

to compensation from the buyer.   His acts amount to a breach of his undertaking to act for the latter—an abandonment of his employment—a betrayal of his confidence.

Again, the defendant, offering to show that the owner of the lots had paid O'Brien a commission on the transaction, should have been permitted to do so upon another ground, even if the above views are erroneous.   If O'Brien undertook to buy the lots on an understanding that he and the defendant should share the profits equally, (O'Brien taking one half as his compensation,) then the commissions which O'Brien received must be taken into view in ascertaining the profits.   He could not take payment for his services from the seller, and then claim of the defendant that he also should pay him one half of the profits over and above such commission.   If he could, then he (O'Brien) would receive more than the defendant, which is not in accordance with the agreement.   If two agree to share the profits of a contemplated purchase, one of them may not receive, from the seller, a commission for his separate private use.   It would be a fraud on his associate, even if such an act do not wholly make void the contract.   The *actual cost*, *i. e.*, the net sum received by the *seller*, is the amount at which the property should be set down in ascertaining the profits, and whatever commissions had been allowed by the seller should be charged to him who received them, as part of his share of the profits.   To illustrate this :  If in the present case O'Brien received $100 commission from Haywood, then the actual cost of the property was $1,850, (and not $1,950, the nominal price,) and being sold for $2,500, the actual profits were $650, of which O'Brien, if the agreement was made and not broken, was entitled to $325, and had received $100 from Haywood, and was entitled to no more than $225 from the defendant. He had received, it would seem, $25, leaving not more than $200 due, if there was no other objection to a recovery.

Upon both of these grounds the judgment must, I think, be reversed.

Judgment reversed.